UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY JOSEPH BECK,<br><br>              Plaintiff,<br><br>     v.<br><br>P. THOMAS, et al.,<br><br>              Defendants. | Case No. 1:20-cv-01115-DAD-SKO (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY**<br><br>(Doc. 27) |

Plaintiff Casey Joseph Beck, appearing *pro se* and proceeding *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2020. (Doc. 1.)[1]

**I.     INTRODUCTION**

On January 6, 2022, Defendants P. Thomas filed a motion to compel Plaintiff to respond to Defendant Thomas's written discovery, including first sets of interrogatories and requests for production of documents, propounded on October 13, 2021. (Doc. 27 at 3-4.)  To date, Plaintiff has not responded to the written discovery requests, or to Defendant's December 10, 2021, meet and confer letter. (*Id*. at 4; *see also* Doc. 29 [confirming same as of 2/22/22].) In addition to an order compelling Plaintiff to provide responses to the outstanding written discovery, Defendant

---

[1] Plaintiff was incarcerated at the California Correctional Institution in Tehachapi when he filed his complaint. (Doc. 1.) On July 30, 2021, Plaintiff filed a Notice of Change of Address, providing a new address of 2975 N. Francisco Way in Antioch, California. (Doc. 33.) To date, no mail sent by the Court to Plaintiff at his new address has been returned. *(See, e.g.*, Docs. 23, 24, 26, 28, 30.)

Thomas seeks an award of costs in the sum of $1,100.00. (*Id.* at 5-6.) Plaintiff has not filed an opposition or a statement of non-opposition to the motion, and the time to do so has passed. *See* Local Rule 230(l). For the reasons set forth below, the Court grants Defendant's motion to compel and orders Plaintiff to show cause why an award of expenses should not be imposed.

## II.     DISCUSSION

### A. Motion to Compel Written Responses

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* Within the scope of Rule 26(b), a party may serve on any other party interrogatories. Fed. R. Civ. P. 33(a). In response to each interrogatory, the responding party must answer fully or state with specificity the grounds for objecting thereto. Fed. R. Civ. P. 33(b).

Additionally, a party may serve a request to produce documents, electronically stored information, or tangible things that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. 2007) (citation omitted). In response to each request, the responding party must state that it will produce the requested documents, information, or things, or the party must "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B).

If a party fails to answer interrogatories or produce documents as requested, the party seeking discovery may file a motion with the Court to compel the answers or production. Fed. R. Civ. P. 37(a)(3)(B). In general, the moving party must certify that he has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1), 37(d)(2)(B); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged.

//

2

Plaintiff has failed to respond to the Defendant's written discovery requests. (Doc. 27 at 4-5, 7 ¶ 2; *see also* Doc. 29.) Under the Federal Rules, Plaintiff must respond to each interrogatory and request for production. If Plaintiff objects to an interrogatory or request, he must state with specificity the grounds for the objection. Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(B). If he does not have documents responsive to a production request, or if requested documents do not exist, Plaintiff must state so with enough specificity to allow the Court to evaluate the merit of the response or whether Plaintiff has made a reasonable inquiry. *See Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB, 2010 WL 1035774, at *4 (E.D. Cal. 2010); *Uribe v. McKesson*, No. 1:08-cv-01285-DSM-NLS, 2010 WL 892093, at *3 (E.D. Cal. 2010).

The Court will order Plaintiff to respond to Defendant's written discovery requests within 21 days.

### B. Request for Expenses

Defendant requests that Plaintiff pay the reasonable expenses incurred in bringing the instant motion to compel. Specifically, Defendant seeks an award of attorney's fees totaling $1,1000, which represents the five hours defense counsel spent preparing the motion to compel at the rate of $220 per hour. (Doc. 27 at 7, ¶ 6 [Zalesny Declaration].)

Rule 37(a)(5) provides that if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Thus, because the Court grants Defendant's motion to compel, an award of costs is mandatory, unless the Court finds that Plaintiff's "nondisclosure . . . was substantially justified . . . or . . . other circumstances make an award of expenses unjust." *Id.* Pursuant to the rule, the Court will provide Plaintiff an opportunity to be heard before deciding whether an award of costs is mandated.

//

//

3

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Defendant Thomas's motion to compel Plaintiff's response to written discovery requests (Doc. 27) is **GRANTED**;

2. **Within 21 days** from the date of service of this order, Plaintiff **must** serve responses to Defendant's Interrogatories, Set One; and Requests for Production of Documents, Set One, served on October 13, 2021; and,

3. **Within 30 days** of the date of service of this order, Plaintiff **shall** show cause in writing why an award of expenses should not be imposed. Plaintiff shall file his response to this order to show cause with the Court.

IT IS SO ORDERED.

Dated:   **March 31, 2022**                      /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE