UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY JOSEPH BECK,<br><br>    Plaintiff,<br><br>v.<br><br>P. THOMAS, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01115-DAD-SKO (PC)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR REASONABLE EXPENSES AND STAYING ORDER**<br><br>(Doc. 27) |

Plaintiff Casey Joseph Beck, appearing *pro se* and proceeding *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2020. (Doc. 1.)[1]

**I.    INTRODUCTION**

On January 6, 2022, Defendant P. Thomas filed a motion to compel Plaintiff to respond to Defendant Thomas's written discovery, including the first set of interrogatories and first set of requests for production of documents, propounded on October 13, 2021. (*See* Doc. 27.) Plaintiff did not oppose the motion.

On March 31, 2022, the Court granted the motion to compel. (Doc. 31.) Plaintiff was ordered to file responses to Defendant's written discovery requests within 21 days. (*Id*. at 4.)

---

[1] Plaintiff was incarcerated at the California Correctional Institution in Tehachapi when he filed his complaint. (Doc. 1.) On July 30, 2021, Plaintiff filed a Notice of Change of Address, providing a new address of 2975 N. Francisco Way in Antioch, California. (Doc. 33.) To date, no mail sent by the Court to Plaintiff at his new address has been returned. *(See, e.g.*, Docs. 23, 24, 26, 28, 30, 31.)

Plaintiff was further ordered to show cause in writing why an award of expenses should not be imposed, and to file his written response within 30 days of the date of service of the order. (*Id*.) Although more than the allowed time has passed, Plaintiff has failed to file a response to the order to show cause. For the reasons set forth below, the Court grants Defendant's request for an award of expenses.

## II.  DISCUSSION

### A.  Legal Standards

Federal Rule of Civil Procedure 37 provides that, if a court denies a motion to compel, it "*must*, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A), italics added. "But the court must not order this payment if ... the opposing party's nondisclosure, response, or objection was substantially justified[,] or ... other circumstances make an award of expenses unjust" *Id*.

A party's *pro se* or *in forma pauperis* status does not shield him from an award of expenses. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). However, a court may not enforce a sanction that a party is unable to perform. *See Thomas v. Gerber Prods*., 703 F.2d 353, 357 (9th Cir. 1983).

### B.  Analysis

Defendant requests an award of expenses incurred in preparing the motion to compel. (Doc. 27 at 5-6.) Defense counsel states that his hourly rate is $220, and that he expended five hours preparing the motion to compel. (Doc. 27 at 7, ¶ 6 [Zalesny Declaration].) Defendant requests an award of $1,100 in expenses.

In the Order granting Defendant's motion to compel, this Court found that Plaintiff failed to respond to Defendant's first set of interrogatories and first set of requests for production of documents. (Doc. 31 at 3.) Plaintiff did not respond to Defendant's motion to compel, or to the Court's March 31, 2022, order to show cause, and he has not shown that his failure to respond to

2

Defendant's discovery requests was substantially justified.[2] Therefore, the Court finds no reason why an award of expenses would be unjust. Given that Plaintiff was given an opportunity to be heard, an award of expenses is mandatory. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court finds that Defendant's request for $1,100 in attorney's fees is reasonable; thus, the Court will order Plaintiff to pay Defendant $1,100 in expenses. However, given Plaintiff's *in forma pauperis* status, the Court will stay this order until a showing is made that Plaintiff is able to pay these costs. *See Thomas*, 703 F.2d at 357.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Defendant Thomas's request for expenses in the amount of $1,100 is GRANTED;
2. The order assessing expenses in the amount of $1,100 is STAYED; and
3. Prior to the closing of this action, Defendant may move the Court to lift this stay and enforce the sanction upon a showing of Plaintiff's ability to pay.

IT IS SO ORDERED.

Dated:     **May 6, 2022**                                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] According to Defendants, as of May 2, 2022, Plaintiff had not yet complied with the Court's order compelling him to provide responses to Defendant Thomas's written discovery requests. (*See* Doc. 32.)