UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY JOSEPH BECK,<br><br>            Plaintiff,<br><br>     v.<br><br>P. THOMAS, et al.,<br><br>            Defendants. | Case No. 1:20-cv-01115-DAD-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' THIRD *EX PARTE* APPLICATION TO MODIFY DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 32) |

Plaintiff Casey Joseph Beck is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On July 30, 2021, Plaintiff filed a Notice of Change of Address. (Doc. 22.) Plaintiff provided a new address of 2975 N. Francisco Way in Antioch, California 94509. (*Id*.) Plaintiff executed and signed the notice on July 27, 2021. (*Id*.)[1] The Court issued its Discovery and Scheduling Order on August 2, 2021. (Doc. 24.)

On December 3, 2021, Defendants filed an *ex parte* application to modify the discovery and scheduling order. (Doc. 25.) On December 8, 2021, the Court issued its Order Granting Defendants' *Ex Parte* Application to Modify Discovery and Scheduling Order. (Doc. 26.) The

---

[1] A docket entry dated August 5, 2021, reflects an order previously served on Plaintiff (Doc. 20) on July 26, 2021, was returned by the U.S. Postal Service marked "Undeliverable" and "Paroled." No further mail, directed to Plaintiff following this entry, has been returned to the Court.

deadline for completing all discovery was extended to March 3, 2022, and the deadline for filing pretrial dispositive motions was extended to May 2, 2022. (*Id*.)

On January 6, 2022, Defendants filed a motion to compel Plaintiff's responses to written discovery propounded by Defendant Thomas. (Doc. 27.)

On February 22, 2022, Defendants filed another *ex parte* application to modify the discovery and scheduling order. (Doc. 29.) On February 23, 2022, the Court issued its Order Granting Defendants' *Ex Parte* Application to Modify Scheduling Order, extending the deadline for all discovery to May 2, 2022, and the deadline for filing pretrial disposition motions to July 1, 2022. (Doc. 30.)

On March 31, 2022, the Court granted Defendants' motion to compel Plaintiff's written discovery responses. (Doc. 31.) Plaintiff was ordered to serve responses to Defendant Thomas's Interrogatories, Set One, and Request for Production of Documents, Set One, within 21 days of the date of service of the order. (*Id*. at 4.) Plaintiff was also ordered to show cause in writing, within 30 days of the date of service of the order, why an award of expenses should not be imposed. (*Id*.)

On May 2, 2022, Defendants filed their third *ex parte* application to modify the scheduling order. (Doc. 32.)

**II.     DISCUSSION**

Defendants seek an extension of the discovery cutoff deadline from May 2, 2022, to July 1, 2022. Defendants also seek an extension of the pretrial dispositive motion filing deadline from July 1, 2022, to August 30, 2022. (Doc. 32 at 3.)

Defendants contend good cause exists for extending the deadlines because Plaintiff has failed to respond to Defendant Thomas's written discovery, despite having been ordered to do so by this Court. (Doc. 32 at 3.) Defendants intend to file a motion for terminating sanctions as a result. (*Id*.) In the event the Court does not grant such a motion, Defendants intend to take Plaintiff's deposition following receipt of his written discovery responses. (*Id*.) Defendants may also seek to depose any witnesses Plaintiff might identify in his deposition or discovery responses. (*Id*.) Because Plaintiff has failed to comply with this Court's order compelling his written discovery

2

responses to Defendant Thomas's interrogatories and request for production of documents, Defendants state they do not have sufficient time to depose Plaintiff or any witnesses he may identify under the current discovery cutoff deadline. (*Id*. at 3-4.)

Generally, a request to modify the discovery and scheduling order must be made at least two weeks prior to the expiration of the relevant deadline. (*See, e.g.,* Doc. 24 at 3 ["request for an extension of any deadline set in this order must be filed at least two weeks before it expires"].) Nevertheless, the Court accepts defense counsel's explanation of an administrative error with calendaring the deadlines, and counsel's statement that he did not have sufficient grounds to seek an extension of the deadline two weeks before its May 2, 2022 expiration—or April 18, 2022—because Plaintiff's written responses to Defendant Thomas's written discovery were not due until April 22, 2022, pursuant to this Court's order compelling them. (Doc. 32 at 6, ¶ 8 [Zalesny Declaration].)

The Court finds good cause to extend the discovery cutoff and pretrial dispositive motion deadlines given Plaintiff's reported failure to comply with this Court's order compelling Plaintiff's responses to Defendant Thomas's written discovery.

### III.   CONCLUSION AND ORDER

Upon consideration of the application, including defense counsel's supporting declaration, the Court finds good cause to grant the request. Accordingly, the Court ORDERS:

1. Defendants' *ex parte* application (Doc. 32) is GRANTED;
2. The deadline for completing all discovery, including filing motions to compel, is extended to **July 1, 2022**; and,
3. The deadline for filing pretrial dispositive motions is extended to **August 30, 2022**.

IT IS SO ORDERED.

Dated:   **May 10, 2022**                           /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE