1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  KYLE A. LEWIS, State Bar No. 201041
   Supervising Deputy Attorney General
3  RYAN J. ZALESNY, State Bar No. 281999
   Deputy Attorney General
4   300 South Spring Street, Suite 1702
   Los Angeles, CA  90013-1230
5   Telephone:  (213) 269-6085
   Fax:  (916) 761-3641
6   E-mail:  Ryan.Zalesny@doj.ca.gov
   *Attorneys for Defendants P. Thomas and L. Nguyen*

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

11

| 12 | | |
|---|---|---|
| 13 | **CASEY J. BECK,** | 1:20-cv-01115-DAD-SKO |
| 14 | Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR TERMINATING** |
| 15 | v. | **SANCTIONS OR, IN THE ALTERNATIVE, A STAY OF PROCEEDINGS; MEMORANDUM OF** |
| 16 | **THOMAS, et al.,** | **POINTS AND AUTHORITIES AND DECLARATION OF R. ZALESNY IN** |
| 17 | Defendants. | **SUPPORT THEREOF** |

18                                    Date:        July 20, 2022
                                     Time:        9:30 a.m.
19                                    Courtroom:   7, 6th Floor
                                                  Robert E. Coyle United States
20                                                Courthouse
                                                  2500 Tulare Street
21                                                Fresno, CA 93721
                                     Judge:       The Honorable Sheila K.
22                                                Oberto
                                     Trial Date:  None Set
23                                    Action Filed: August 12, 2020

24       **TO THE COURT AND PLAINTIFF CASEY BECK, IN PRO SE:**

25       **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)

26  and 41(b), and the Court's inherent authority to manage its docket and civil discovery,

27  Defendants move the Court for an order dismissing this action in its entirety based on Plaintiff's

28  failure to comply with the Court's Order to serve responses to Defendant Thomas's written

1  discovery or, in the alternative, an order staying further proceedings in this action until Plaintiff

2  obeys the Court's Order to serve responses to Defendant Thomas's written discovery. *See* Fed.

3  R. Civ. P. 37(b)(2)(A)(iv)-(v), 41(b); E.D. L.R. 110; (ECF No. 31 at ¶ 1, § III, p. 4).[1]

4      This Motion is based on this Notice, the attached Memorandum of Points and Authorities

5  and Declaration of Counsel in support thereof, all pleadings and papers on file in this action, and

6  any argument presented at any hearing on this Motion. Pursuant to Eastern District Local Rule

7  251(e), this Motion is noticed for not less than fourteen days after this Motion's service and filing

8  and no Joint Statement Re Discovery Disagreement is filed because "there has been a complete

9  and total failure to respond to a discovery request or order" and "the only relief sought by [this

10  M]otion is the imposition of sanctions." E.D. L.R. 251(e) ("In either instance, the aggrieved party

11  may bring a motion for relief for hearing on fourteen (14) days notice.").[2]

12  Dated: July 1, 2022                        Respectfully submitted,

13                                     ROB BONTA
                                   Attorney General of California

14                                     KYLE A. LEWIS
                                   Supervising Deputy Attorney General

15

16

17                                     */s/ Ryan Zalesny*

18                                     RYAN J. ZALESNY
                                   Deputy Attorney General

19                                     *Attorneys for Defendants P. Thomas and L. Nguyen*

20

21

22

23

24

25

26

_____

27  [1] Pinpoint citations refer to the page numbers assigned by the Court's CM/ECF system, appearing in the header of the filed document.

28  [2] Defendants notice this Motion pursuant to Eastern District Local Rule 251(e) because Eastern District Local Rule 230(l) no longer applies due to Plaintiff's release from prison.

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

INTRODUCTION ......................................................................................................... 1

RELEVANT DISCOVERY AND PROCEDURAL HISTORY ................................... 1

LEGAL STANDARD .................................................................................................. 3

ARGUMENT ............................................................................................................... 4

I.     THIS COURT SHOULD DISMISS THIS ACTION BECAUSE
PLAINTIFF DISOBEYED A DISCOVERY ORDER AND HAS FAILED
TO PROSECUTE THIS ACTION SINCE HIS RELEASE FROM
PRISON. ....................................................................................................... 4

      A.     Plaintiff Willfully Failed to Comply with the Court's Discovery
Order ................................................................................................ 4

      B.     Dismissal Would Advance the Public's Interest in the Expeditious
Resolution of Litigation and Serve the Court's Need to Manage Its
Docket. ............................................................................................ 5

      C.     Dismissal Would Avoid Further Prejudice to Defendants. ........................ 6

      D.     The Public Policy Favoring Disposition of Cases on the Merits
Does Not Preclude Dismissal of this Action. ............................................ 7

      E.     Less Drastic Sanctions Are Inadequate. ................................................... 8

II.    ABSENT DISMISSAL, THIS COURT SHOULD STAY FURTHER
PROCEEDINGS UNTIL PLAINTIFF OBEYS THE COURT'S ORDER
COMPELLING. ........................................................................................... 10

CONCLUSION ......................................................................................................... 10

............................................................................................................................ 10

DECLARATION OF R. ZALESNY ....................................................................... 11

# TABLE OF AUTHORITIES

**Page**

CASES

*Adriana Int'l Corp. v. Thoeren*
   913 F.2d 1406 (9th Cir. 1990) .................................................................................. 3, 6, 8, 9

*Allen v. Bayer Corp. (In re PPA)*
   460 F.3d 1217 (9th Cir. 2006) .................................................................................. 4, 6, 7, 8

*Anderson v. Air West Inc.*
   542 F.2d 522 (9th Cir. 1976) ..................................................................................... 7

*Bradford v. Marchak*
   No. 114CV1689LJOBAMPC, 2018 WL 3046974 (E.D. Cal. June 19, 2018) .................... 7, 9

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*
   482 F.3d 1091 (9th Cir. 2007) ................................................................................... 6

*Dreith v. Nu Image, Inc.*
   648 F.3d 779 (9th Cir. 2011) ................................................................................. 3, 4, 5

*Ferdik v. Bonzelet*
   963 F.2d 1258 (9th Cir. 1992) .................................................................................. 8

*Johnson v. Winterstar LLC*
   No. 2:17-CV-02476-JAM-AC, 2020 WL 5231502 (E.D. Cal. Sept. 2, 2020) ...................... 5

*Jorgensen v. Cassiday*
   320 F.3d 906 (9th Cir. 2003) ..................................................................................... 4

*Kirkelie v. Thissell*
   No. 115CV00735DADSABPC, 2018 WL 1272227 (E.D. Cal. Mar. 9, 2018) .................. 6, 7

*Link v. Wabash R.R. Co.*
   370 U.S. 626 (1962) .................................................................................................. 6

*Lucero v. Pennella*
   No. 118CV01448NONESAB, 2020 WL 6798059 (E.D. Cal. Nov. 19, 2020) ....................... 5

*Malone v. U.S. Postal Serv.*
   833 F.2d 128 (9th Cir. 1987) ................................................................................... 5, 9

*Morris v. Morgan Stanley & Co.*
   942 F.2d 648 (9th Cir. 1991) ..................................................................................... 6

ii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Pagtalunan v. Galaza*
   291 F.3d 639 (9th Cir. 2002) ............................................................... 4, 5, 6

*Rio Properties, Inc. v Rio Int'l Interlink*
   284 F.3d 1007 (9th Cir. 2002) ............................................................. 8

*Royster v. Los Angeles Cnty. Sheriff Dep't*
   No. CV 12-994-JFW SP, 2013 WL 2480886 (C.D. Cal. June 7, 2013) ................. 7

*Sanchez v. Rodriguez*
   298 F.R.D. 460 (C.D. Cal. 2014) ........................................................ 4

*Scott v. Belmares*
   No. CV-99-12458 GAF (AJW), 2008 WL 2596764 (C.D. Cal. Apr. 30, 2008) ........ 7

*Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*
   105 F.3d 521 (9th Cir. 1997) ........................................................... 3

*Thompson v. Housing Auth.*
   782 F.2d 829 (9th Cir. 1986) ........................................................... 3

*United States v. Sumitomo Marine & Fire Ins. Co.*
   617 F.2d 1365 (9th Cir. 1980) ......................................................... 4, 5

*Valley Eng'rs v. Electric Eng'g Co.*
   158 F.3d 1051 (9th Cir. 1998) ......................................................... 8, 9

*Yourish v. Cal. Amplifier*
   191 F.3d 983 (9th Cir. 1999) ........................................................... 4

**COURT RULES**

Federal Rule of Civil Procedure 37 ........................................................ 3, 4

Federal Rule of Civil Procedure 37(a)(5) ................................................. 2

Federal Rule of Civil Procedure 37(b) .................................................... 4

Federal Rule of Civil Procedure 37(b)(2)(A)(iv) ........................................ 4, 10

Federal Rule of Civil Procedure 37 (b)(2)(A)(v), 41(b) ................................ 3

Federal Rules of Civil Procedure 37(b) and 41(b) ...................................... 4

1

# TABLE OF AUTHORITIES
**(continued)**

2

**Page**

3

**OTHER AUTHORITIES**

4

E.D. L.R. 110..................................................................................................................... 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendants seek dismissal of this action because Plaintiff failed to participate in this case at all since his release from prison.  Plaintiff was released from prison on July 28, 2021 and updated his address with the Court on July 30, 2021.  Thereafter, Defendant Thomas propounded written discovery on Plaintiff at his updated address.  Plaintiff did not respond.  Defendant Thomas sent Plaintiff a meet-and-confer letter, which offered an extension of the time to respond to Defendant Thomas's discovery.  Plaintiff still did not respond.  Then, Defendant Thomas filed a Motion to Compel and the Court ordered Plaintiff to file an opposition or statement of non-opposition.  Plaintiff did not do so.  The Court granted Defendant Thomas's Motion to Compel and ordered Plaintiff to show cause regarding why an order of expenses should not issue.  Plaintiff did not respond to those orders, either.  The Court granted Defendant's request for expenses and stayed that order.  Thereafter, in their Ex Parte Application to Modify the Scheduling Order, Defendants stated their intention to seek terminating sanctions.  Nevertheless, Plaintiff has not responded.

The record in this case establishes that Plaintiff does not intend to participate in discovery or otherwise prosecute this action.  Eleven months have passed since Plaintiff was released from prison.  During that time, Plaintiff has had multiple opportunities to attend to this litigation and has failed in every instance to do so.  Thus, this Court should dismiss this action.  Even if this Court does not grant Defendant's Motion for Terminating Sanctions, it should at a minimum stay this action pending Plaintiff's response to the Court's order compelling Plaintiff to respond to Defendant Thomas's written discovery.

**RELEVANT DISCOVERY AND PROCEDURAL HISTORY**

Plaintiff, while incarcerated at California Correctional Institution, initiated this action on August 12, 2020.  (ECF No. 1 at p. 1.)  On June 23, 2021, Defendants filed their Amended Answer to the Complaint.  (ECF No. 15.)  On June 24, 2021, the Court ordered this action to Post-Screening ADR and issued a ninety-day stay.  (ECF No. 17.)  Defendants opted out of ADR on July 26, 2021.  (ECF No. 21.)  On July 30, 2021, Plaintiff filed a Notice of Change of Address, dated July 27, 2021, which identified his current address as 2975 N. Francisco Way, Antioch, CA

1

1   94509.  (ECF No. 22.)[3]  On August 2, 2021, the Court lifted the stay and issued the Discovery

2   and Scheduling Order.  (ECF Nos. 23-24.)

3        Defendant Thomas served Plaintiff with her First Sets of Interrogatories, Requests for

4   Production of Documents, and Requests for Admission on October 13, 2021.  (Zalesny Decl. ¶ 3;

5   Zalesny Decl. Ex. A-C.)  By December 3, 2021, defense counsel received no response from

6   Plaintiff to Defendant Thomas's discovery.  (Zalesny Decl. ¶ 4.)  That day, defense counsel sent

7   Plaintiff a meet-and-confer letter demanding that Plaintiff respond to Defendant Thomas's

8   discovery requests by December 10, 2021.  (*Id.*; Zalesny Decl. Ex. D.)  On December 8, 2021, the

9   Court modified the Scheduling Order to extend the discovery cut-off to March 3, 2022 and the

10  deadline for pre-trial dispositive motions to May 2, 2022.  (ECF No. 26 at ¶¶ 2-3.)

11       By January 6, 2022, defense counsel received no response from Plaintiff to any of

12  Defendant Thomas's October 13, 2021 discovery or defense counsel's December 3, 2021 meet-

13  and-confer letter.  (Zalesny Decl. ¶ 5.)  Accordingly, Defendant Thomas moved to compel

14  Plaintiff's responses to Defendant Thomas's Interrogatories and Requests for Production of

15  Documents and requested monetary sanctions under Federal Rule of Civil Procedure 37(a)(5).

16  (ECF No. 27.)  On January 31, 2022, the Court ordered Plaintiff to file an opposition or statement

17  of non-opposition to Defendant's Motion to Compel within twenty-one days.  (ECF No. 28.)  On

18  February 22, 2022, the Court modified the Scheduling Order to extend the discovery cut-off to

19  May 2, 2022 and the deadline for pre-trial dispositive motions to July 1, 2022.  (ECF No. 30 at ¶¶

20  2-3.)

21       On March 31, 2022, the Court granted Defendant Thomas's Motion to Compel, ordered

22  Plaintiff to respond to Defendant Thomas's discovery within twenty-one days, and ordered

23  Plaintiff to show cause regarding why an award of expenses should not be imposed within thirty

24  days.  (ECF No. 31 at ¶¶ 2-3, § III, p. 4.)  The Court noted that no mail from the Court to

25  ───────────────────

26       [3] Plaintiff's most recent filing as of his Notice of Change of Address was his Notice
Regarding Early Settlement Conference, which Plaintiff served from California Correctional
27  Center on July 19, 2021.  (ECF No. 18 at p. 2.)  (ECF No. 18 at p. 2.)  Then, on July 26, 2021, the Court served an order
that the United States Postal Service returned and marked as "Undeliverable" and "Paroled."
28  (ECF No. 34 at n.1, p. 1 (internal quotation marks omitted); *see also* ECF No. 20.)  On July 28,
2021, Plaintiff was released from prison.  (Zalesny Decl. ¶ 2.)

2

1  Plaintiff's current address on file with the Court had been returned.  (*Id.* at n.1, p. 1.)  On May 9,

2  2022, the Court granted Defendant's request for expenses pursuant to Federal Rule of Civil

3  Procedure 37 based on Plaintiff's failure to respond to discovery, Defendant's Motion to Compel,

4  or the Court's Order to Show Cause.  (ECF No. 33 at § IIB, pp. 2-3.)  Due to Plaintiff's in forma

5  pauperis status, the Court stayed its order until a showing is made that Plaintiff can pay the

6  expenses.  (*Id.* at p. 3.)  In its Order, the Court noted again that "no mail sent by the Court to

7  Plaintiff at his new address has been returned."  (*Id.* at n.1, p. 1.)  On May 10, 2022, the Court

8  modified the Scheduling Order to extend the discovery cut-off to July 1, 2022 and the deadline

9  for pre-trial dispositive motions to August 30, 2022.  (ECF No. 34 at ¶¶ 2-3, § III, p. 3.)

10     To date, defense counsel has not received any response from Plaintiff to Defendant

11  Thomas's discovery, defense counsel's meet-and-confer letter, or any of the Court's orders.

12  (Zalesny Decl. ¶ 6.)

13                                **LEGAL STANDARD**

14     Under the Federal Rules, a district court has the power to dismiss a case if a plaintiff fails to

15  prosecute it or comply with a court's order.  Fed. R. Civ. P. 37 (b)(2)(A)(v), 41(b).  A district

16  court also has the inherent power to control its docket, and "[i]n the exercise of that power they

17  may impose sanctions including … dismissal" of a case.  *Thompson v. Housing Auth*., 782 F.2d

18  829, 831 (9th Cir. 1986).  "In evaluating the propriety of sanctions, such as dismissal, courts

19  "look at all incidents of a party's misconduct."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

20  1411 (9th Cir. 1990) (citing *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857

21  F.2d 600, 601-02 (9th Cir. 1988)).  Terminating sanctions are very severe and justified only

22  where "the party's violations of the court's orders [are] due to wil[l]fullness or bad faith."  *Dreith*

23  *v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  The willfulness standard is met by

24  disobedient conduct that is within the offending party's control.  *See, e.g., Stars' Desert Inn Hotel*

25  *& Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997).

26     If willfulness is established, a court must weigh five factors.  *Dreith*, 648 F.3d at 788.

27  Those factors include (1) the public interest in expeditious resolution of litigation; (2) the court's

28  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

                                        3

1  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

2  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Although it is preferred, it is not

3  required that the district court make explicit findings to show that it has considered these factors.

4  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The factors are tools of analysis,

5  not "conditions precedent" to the district court's imposition of sanctions.  *Allen v. Bayer Corp. (In*

6  *re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006).  "By the very nature of its language, sanctions

7  imposed under Rule 37 must be left to the sound discretion of the trial judge."  *Sanchez v.*

8  *Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (citations omitted).

9      Federal Rule of Civil Procedure 37(b) authorizes courts to stay "further proceedings until

10  the order is obeyed" in cases where a party fails to obey a discovery order.  Fed. R. Civ. P.

11  37(b)(2)(A)(iv).

12                          **ARGUMENT**

13  **I.    THIS COURT SHOULD DISMISS THIS ACTION BECAUSE PLAINTIFF**
        **DISOBEYED A DISCOVERY ORDER AND HAS FAILED TO PROSECUTE**
14      **THIS ACTION SINCE HIS RELEASE FROM PRISON.**

15      Dismissal of this case is justified under Federal Rules of Civil Procedure 37(b) and 41(b)

16  and the Court's inherent authority because Plaintiff failed to obey a discovery order; respond to

17  any court order, discovery, or correspondence since his release from prison; or prosecute this

18  action in any other manner.  *See* Fed. R. Civ. P. 37(b), 41(b); E.D. L.R. 110; (ECF Nos. 31, 33;

19  Zalesny Decl. ¶ 6).  Indeed, Plaintiff willfully disobeyed the Court's discovery order and the five

20  factors set forth by the Ninth Circuit weigh in favor of dismissal.  *See Dreith*, 648 F.3d at 788;

21  *Pagtalunan*, 291 F.3d at 642.

22      **A.    Plaintiff Willfully Failed to Comply with the Court's Discovery Order.**

23      To dismiss this case, the Court must find that Plaintiff willfully disobeyed its discovery

24  order.  *Id.*  However, satisfaction of the willfulness requirement "does not require a finding of

25  wrongful intent or any particular mental state."  *Sanchez*, 298 F.R.D. at 469.  Instead,

26  "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to

27  demonstrate willfulness, bad faith, or fault."  *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.

28  2003); *see also United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.

4

1  1980) (dismissal prohibited where "failure to comply with discovery orders is due to

2  circumstances beyond the disobedient party's control") (citations omitted).  Indeed, a party's

3  abandonment of a litigation can be sufficient to justify dismissal or default judgment.  *See Lucero*

4  *v. Pennella*, No. 118CV01448NONESAB, 2020 WL 6798059, at *6 (E.D. Cal. Nov. 19, 2020)

5  (dismissal appropriate where "[p]laintiff's inaction and failure to abide by his discovery

6  obligations demonstrate[d] that he has abandoned [] litigation"), *report and recommendation*

7  *adopted*, No. 118CV01448NONESAB, 2021 WL 24708 (E.D. Cal. Jan. 4, 2021); *Johnson v.*

8  *Winterstar LLC*, No. 2:17-CV-02476-JAM-AC, 2020 WL 5231502, at *3 (E.D. Cal. Sept. 2,

9  2020) (entering default judgment where court determined that defendants abandoned case by

10  failing to respond to discovery and court orders), *report and recommendation adopted*, No. 2:17-

11  CV-2476 JAM AC, 2020 WL 6075755 (E.D. Cal. Oct. 15, 2020).

12  　　　Plaintiff's conduct in this case is willful and within his control.  *See Pagtalunan*, 291 F.3d

13  at 642; *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d at 1369.  Since his release from prison,

14  Plaintiff has failed to respond to Defendant Thomas's discovery; defense counsel's meet-and-

15  confer letter; and multiple court orders including the Court's order compelling Plaintiff's

16  responses to discovery.  (Zalesny Decl. ¶ 6; ECF Nos 31, 33.)  None of those orders or

17  correspondences have been returned to their senders.  (*See* ECF No. 31 at n.1, p. 1; ECF No. 33 at

18  n.1, p. 1; Zalesny Decl. ¶ 6.)  Furthermore, Plaintiff has not made contact with defense counsel in

19  any manner since his release from prison.  (*Id.*)  Thus, it appears that Plaintiff has abandoned this

20  litigation like the parties in *Lucero*, *supra* and *Johnson*, *supra*.  No. 118CV01448NONESAB,

21  2020 WL 6798059, at *6 (E.D. Cal. Nov. 19, 2020); No. 2:17-CV-02476-JAM-AC, 2020 WL

22  5231502, at *3 (E.D. Cal. Sept. 2, 2020).  Accordingly, the Court may dismiss this action if the

23  five factors below weigh in favor of dismissal.  *See Dreith*, 648 F.3d at 788.

24  　　　**B.   Dismissal Would Advance the Public's Interest in the Expeditious**
25  　　　　　　**Resolution of Litigation and Serve the Court's Need to Manage Its Docket.**

26  　　　The two aspects of this factor—expeditious resolution and the Court's docket-

27  management—always weigh in favor of dismissal.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

28  130-31 (9th Cir. 1987).  The public has "an overriding interest" in the orderly, expeditious, and

5

1   inexpensive determination of every action.  *See In re PPA*, 460 F.3d at 1227.  Delay in reaching

2   the merits is "costly in money, memory, manageability, and confidence in the process."  *Id.* at

3   1227.  Although cases should generally be disposed of on their merits, a plaintiff is responsible

4   for moving his case toward that disposition.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648,

5   652 (9th Cir. 1991).  "The power to invoke this sanction is necessary in order to prevent undue

6   delays in the disposition of pending cases and to avoid congestion in the calendars of the District

7   Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

8        In this case, Plaintiff's failures to cooperate in discovery and to prosecute this action

9   impede the progress of this case.  Plaintiff has not demonstrated any inclination toward

10   prosecution of this case currently or at any point in the future.  Indeed, Plaintiff failed to respond

11   to Defendant Thomas's discovery, defense counsel's meet-and-confer letter, and the Court's order

12   compelling responses.  (Zalesny Decl. ¶¶ 4-6.)  Plaintiff also failed to respond to the Court's

13   order to file an opposition or statement of non-opposition to Defendant Thomas's Motion to

14   Compel and the Court's show-cause order.  (ECF No. 31 at § I, p. 2; ECF No. 33 at § I, pp. 2-3.)

15   Plaintiff has not participated in this action in any manner since his release from prison.  (*See*

16   Zalesny Decl. ¶ 6.)  Thus, absent dismissal, this action appears likely to languish on the Court's

17   docket, which would be a disservice to the Court's interest in docket-management and the

18   public's interest in expeditious resolution.  *See Pagtalunan*, 291 F.3d at 642; *In re PPA*, 460 F.3d

19   at 1227.

20        **C.    Dismissal Would Avoid Further Prejudice to Defendants.**

21        Plaintiff's conduct is prejudicial because it interferes with the rightful decision of this case.

22   *See Adriana*, 913 F.2d at 1412; *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,

23   482 F.3d 1091, 1097 (9th Cir. 2007).  Prejudice consists of loss of evidence, loss of memory, and

24   costs or burdens of litigation.  *In re PPA*, 460 F.3d at 1338.  A plaintiff's failure to provide

25   discovery is prejudicial because it impairs the defendant's ability to defend itself at trial.  *See*

26   *Kirkelie v. Thissell*, No. 115CV00735DADSABPC, 2018 WL 1272227, at *2 (E.D. Cal. Mar. 9,

27   2018) ("The failure to obtain discovery information significantly impairs the Defendants' ability

28   to go to trial" regarding a non-exhaustion defense.)  Further, the law presumes that an

6

Defs.' Mot. Terminating Sanctions (1:20-cv-01115-DAD-SKO)

1   unreasonable delay causes prejudice.  *Anderson v. Air West Inc.*, 542 F.2d 522, 524 (9th Cir.

2   1976).

3      In this case, Plaintiff's failure to participate in discovery precludes Defendants from

4   conducting pre-trial fact-finding and investigation, which is necessary to defend themselves

5   before this Court.  *See Kirkelie*, *supra*.  Defendants have been prejudiced monetarily, having to

6   spend their time and money to prepare discovery that Plaintiff has ignored.  (ECF No. 33 at ¶ 1, §

7   II, p. 3 (granting request for expenses); *see also* ECF No. 27, Zalesny Decl. Supp. Mot. to

8   Compel, ¶ 6, p. 7.)  Plaintiff's refusal to participate in his lawsuit may lead to the loss of

9   evidence, witnesses, and memories, which would further prejudice Defendants.  *See In re PPA*,

10  *supra*.  Indeed, Plaintiff's claim arises out of medical treatment Plaintiff received following a

11  February 2020 injury.  (*See* ECF No. 1 at pp. 3-4.)  The longer this case is pending, the more

12  difficult it will be for witnesses to remember the details of relevant events, and to obtain relevant

13  and necessary documents and evidence.  *See In re PPA*, 460 F.3d at 1338.  Accordingly, dismissal

14  would avoid further prejudice to Defendants.

15

16  **D.    The Public Policy Favoring Disposition of Cases on the Merits Does Not
           Preclude Dismissal of this Action.**

17     The public policy favoring merits-based dispositions "always" weighs against terminating

18  sanctions, but this factor "is not dispositive."  *Scott v. Belmares*, No. CV-99-12458 GAF (AJW),

19  2008 WL 2596764, at *6 (C.D. Cal. Apr. 30, 2008), *aff'd by* 328 Fed.Appx. 538 (9th Cir. 2009)

20  (dismissing prisoner lawsuit when four of five factors favored dismissal).  This public policy does

21  not outweigh a plaintiff's failure to provide discovery responses even after the court orders him to

22  do so or a plaintiff's dereliction of his duty "to move a case toward disposition at a reasonable

23  pace and to avoid dilatory and evasive tactics."  *Royster v. Los Angeles Cnty. Sheriff Dep't*, No.

24  CV 12-994-JFW SP, 2013 WL 2480886, at *4 (C.D. Cal. June 7, 2013); *see also Bradford v.*

25  *Marchak*, No. 114CV1689LJOBAMPC, 2018 WL 3046974, at *7 (E.D. Cal. June 19, 2018)

26  (dismissing prisoner lawsuit because "even this strong interest in deciding cases on the merits

27  cannot override a litigant's conduct in refusing to abide by court orders, insisting on multiplying

28  the proceedings, and wasting judicial resources"), *report and recommendation adopted*, No.

7

1    114CV1689LJOBAMPC, 2018 WL 10923433 (E.D. Cal. July 9, 2018); *In re PPA*, 460 F.3d at

2    1228 (public policy in favor of merit-based disposition "lends little support" to a party whose

3    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

4    progress in that direction) (citations and internal quotation marks omitted).  This factor is

5    insufficient to preclude dismissal where the other four factors weigh in its favor.  *Rio Properties,*

6    *Inc. v Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

7         The public policy favoring disposition of this case on the merits is outweighed by the other

8    four factors that weigh in favor of dismissal.  (*See* Arg. § IB-C, E); *Rio Properties, Inc.*, *supra* at

9    1022.  Plaintiff initiated this action while incarcerated.  (ECF No. 1 at p. 1.)  However, since his

10   release from prison, Plaintiff has not responded to Defendant Thomas's discovery, defense

11   counsel's meet-and-confer letter, or multiple court orders including the Court's order compelling

12   Plaintiff to respond to Defendant Thomas's discovery.  (Zalesny Decl. ¶ 6.)  Accordingly,

13   Plaintiff cannot rely on this factor to preclude dismissal.

14        **E.    Less Drastic Sanctions Are Inadequate.**

15        To assess the adequacy of sanctions short of dismissal, this Court should discuss alternative

16   sanctions, whether those sanctions have been attempted, and whether the Court warned Plaintiff

17   that dismissal is possible.  *Valley Eng'rs v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.

18   1998).  However, "it is not always necessary for the court to impose less serious sanctions first, or

19   to give any explicit warning."  *Id.* (citing *Adriana,* 913 F.2d at 1413).  Although "a district court's

20   warning to a party that his failure to obey the court's order will result in dismissal can satisfy the

21   'consideration of alternatives' requirement," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

22   1992) (quoting *Malone*, 833 F.2d at 132-33) (citation omitted), an explicit warning of dismissal is

23   not a precondition to dismissal.  *Adriana*, *supra*, at 1413 ("an explicit warning is not always

24   necessary") (citing *Kahaluu Const. Co.*, 857 F.2d at 605 and *Malone*, *supra* at 133 (explicit

25   warning unnecessary prior to dismissal where plaintiff "can hardly be surprised by a harsh

26   sanction in response to willful violation of a pretrial order")).

27        In this case, dismissal is the only adequate sanction despite the absence of an explicit

28   warning that dismissal would result from Plaintiff's failure to comply with the Court's order

8

Defs.' Mot. Terminating Sanctions (1:20-cv-01115-DAD-SKO)

compelling his action.  *See Valley Eng'rs*, *supra*; *Adriana*, *supra*.  First, monetary sanctions would be inadequate.  Plaintiff ignored the Court's show-cause order regarding monetary sanctions.  (ECF No. 33 at § I, pp. 2-3 ("Plaintiff did not respond to Defendant's motion to compel, or to the Court's March 31, 2022 order to show cause.").)  Then, the Court ordered monetary sanctions and stayed its order due to Plaintiff's *in forma pauperis* status.  (*Id.* at ¶¶ 1-2, § III, p. 3.)  Thus, monetary sanctions are not likely to compel Plaintiff to participate in discovery or prosecute this action because Plaintiff has already ignored the threat of monetary sanctions and is unlikely to pay them.  *See Bradford v. Marchak*, No. 114CV1689LJOBAMPC, 2018 WL 3046974, at * 8 ("Monetary sanctions are worthless because of Plaintiff's *in forma pauperis* status.  He would likely be unable to pay any monetary sanctions, making such sanctions of little use.").  An order staying proceedings until Plaintiff complies with the Court's order compelling also would be inadequate because this case would interminably languish on the Court's docket, causing further prejudice to Defendants.  (*See* Arg. § IB-C, *supra*.)  Indeed, Plaintiff has shown no indication that he intends to participate in this litigation.  (*See* Zalesny Decl. ¶ 6.)

Moreover, Plaintiff has been notified that severe consequences could result from his failure to respond and Defendants intend to seek terminating sanctions.  (*See* ECF No. 24, Discovery and Scheduling Order, at p. 3 ("**The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions.**" (emphasis in original)); ECF No. 32, Defendants' Ex Parte Application to Modify the Scheduling Order, at p. 3 ("Defendants intend to file a Motion for Terminating Sanctions"); ECF No. 34, Order Granting Defendants' Third *Ex Parte* Application to Modify Discovery and Scheduling Order, at p. 2 ("Defendants intend to file a motion for termination sanctions").)  Despite these notifications, Plaintiff has failed to participate in discovery, comply with court orders, or otherwise prosecute this action since his release from prison.  (*See* Zalesny Decl. ¶ 6.)  Accordingly, an explicit warning is unnecessary to support dismissal.  *Valley Eng'rs*, 158 F.3d at 1057; *Adriana*, 913 F.2d at 1413; *Malone*, 833 F.2d at 133.  In sum, dismissal is the only adequate sanction in these circumstances.

9

## II. ABSENT DISMISSAL, THIS COURT SHOULD STAY FURTHER PROCEEDINGS UNTIL PLAINTIFF OBEYS THE COURT'S ORDER COMPELLING.

If the Court denies Defendants' Motion for Terminating Sanctions, it should at a minimum stay this action until Plaintiff obeys the Court's order compelling his responses to Defendant Thomas's discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv). Although inadequate for the reasons discussed above, this sanction would protect Defendants from being further prejudiced by the expiration of deadlines while unable to litigate this case due to Plaintiff's failure to comply with his obligation to participate in the litigation.

## CONCLUSION

This Court should dismiss this action because the record is clear that Plaintiff does not intend to participate in discovery or otherwise prosecute his claim. Specifically, Plaintiff has not responded to any discovery, court order, or correspondence since he was released from prison eleven months ago. In the alternative, the Court should stay this action pending Plaintiff's compliance with the Court's order compelling Plaintiff's responses to Defendant Thomas's written discovery.

Dated: July 1, 2022                        Respectfully submitted,

                                           ROB BONTA
                                           Attorney General of California
                                           KYLE A. LEWIS
                                           Supervising Deputy Attorney General


                                           */s/ Ryan Zalesny*
                                           RYAN J. ZALESNY
                                           Deputy Attorney General
                                           *Attorneys for Defendants P. Thomas and L. Nguyen*

10

**DECLARATION OF R. ZALESNY**

I, Ryan Zalesny, declare as follows:

1.     I am an attorney admitted to practice before the courts of the State of California and before this Court.  I am employed by the California Attorney General's Office as a Deputy Attorney General in the Correctional Law Section, and I am assigned to represent Defendants Thomas and Nguyen in this lawsuit.  I am competent to testify to the matters set forth in this declaration, and, if called to do so, I would and could so testify.  I submit this declaration in support of Defendants' Motion for Terminating Sanctions or Stay of Proceedings.

2.     California Correctional Institution's Litigation Coordinator informed me that Plaintiff was released from prison on July 28, 2021.  On July 30, 2021, Plaintiff filed a Notice of Change of Address, which identified his current address as 2975 N. Francisco Way, Antioch, CA 94509.  (ECF No. 22.)

3.     On October 13, 2021, I served Plaintiff with Defendant Thomas's First Sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.  Attached hereto as Exhibit A is a true and correct copy of Defendant Thomas's First Set of Interrogatories.  Attached hereto as Exhibit B is a true and correct copy of Defendant Thomas's First Set of Requests for Production of Documents. Attached hereto as Exhibit C is a true and correct copy of Defendant Thomas's First Set of Requests for Admission.  I sent these to Plaintiff's address as specified on Plaintiff's Notice of Change of Address.  (*See* ECF No. 22.)

4.     By December 3, 2021, I had not received a response from Plaintiff to Defendant Thomas's written discovery.  Accordingly, I sent Plaintiff a meet-and-confer letter demanding that Plaintiff respond to Defendant Thomas's written discovery by December 10, 2021.  Attached hereto as Exhibit D is a true and correct copy of my December 3, 2021 meet-and-confer letter to Plaintiff.

5.     By January 6, 2022, I had not received a response from Plaintiff to any of Defendant Thomas's discovery or my meet-and-confer letter.  Accordingly, I filed Defendant Thomas's Motion to Compel.  (ECF No. 25.)

6.     A thorough review of my file shows that I have not received any response from

11

1   Plaintiff to Defendant Thomas's discovery, my meet-and-confer letter to Plaintiff, Defendant

2   Thomas's Motion to Compel, or any of the Court's orders following Defendant Thomas's Motion

3   to Compel; and none of my correspondences to Plaintiff's current address have been returned to

4   me.  Plaintiff has not contacted me in any other manner since his release from prison.

5          I declare under penalty of perjury under the laws of the United States of America that

6   foregoing is true and correct.  Executed on July 1, 2022 at Los Angeles, California.

7   Dated:  July 1, 2022                              Respectfully submitted,

8                                                     ROB BONTA
                                                      Attorney General of California
9                                                     KYLE A. LEWIS
                                                      Supervising Deputy Attorney General
10

11

12                                                    */s/ Ryan Zalesny*
                                                      RYAN J. ZALESNY
13                                                    Deputy Attorney General
                                                      *Attorneys for Defendants P. Thomas and L.*
14                                                    *Nguyen*

15   LA2021601364
     1-36334930.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  DEBORAH B. WADLEIGH, State Bar No. 239550
   Supervising Deputy Attorney General
3  RYAN J. ZALESNY, State Bar No. 281999
   Deputy Attorney General
4  300 So. Spring Street, Suite 1702
   Los Angeles, CA  90013
5    Telephone:  (213) 269-6085
     Facsimile:  (916) 761-3641
6    E-mail: Ryan.Zalesny@doj.ca.gov
   *Attorneys for Defendants P. Thomas and L. Nguyen*

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12 |  | Case No. 1:20-cv-01115-DAD-SKO |
| **CASEY J. BECK**, | |
| | **DEFENDANT THOMAS'S FIRST SET** |
| Plaintiff, | **OF INTERROGATORIES** |
| | |
| v. | |
| | |
| **THOMAS, et al.**, | |
| | |
| Defendants. | |

18

19

20 **PROPOUNDING PARTY:**    **DEFENDANT P. THOMAS**

21 **RESPONDING PARTY:**    **PLAINTIFF CASEY J. BECK**

   **SET NO.:**    **ONE**
22

23
        DEFENDANT Thomas requests that Plaintiff CASEY J. BECK respond under oath to the
24
   following interrogatories within 30 days of service of this request in accordance with Federal
25
   Rule of Civil Procedure 33.  The responses must be based on all non-privileged information
26
   available to the responding party, his agents, employees, attorneys, and all others acting on his
27
   behalf.
28

                                           1

As used in these Interrogatories, the terms YOU, YOUR, and YOURS shall be interpreted to mean Plaintiff, by and through his agents, representatives, employees, attorneys, and other persons acting or purporting to act on his behalf.

As used in these Interrogatories, the term PERSON or PERSONS means and includes actual persons, public or private corporations, sole proprietorships, firms, associations, joint ventures, and any other private or public entity.

As used in these Interrogatories, the term DEFENDANT or DEFENDANTS means and includes DEFENDANT P. Thomas or DEFENDANT L. Nguyen and any other person purporting to act on their behalf or believed by YOU to be acting on their behalf.

As used in these Interrogatories, the term communications refers to any exchange of information between or among two or more persons including, but not limited to, written contact by letter, memorandum, email, text, voicemail, Instagram, Facebook, or other social media, facsimile, or otherwise; or verbal contact in face-to-face meetings, telephone conversations, or otherwise.

As used in these Interrogatories, the term DOCUMENT or DOCUMENTS shall include, but not be limited to, any kind of written, graphic, or recorded matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, and drafts and both sides thereof, and including but not limited to paper, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, facsimiles, telex messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or in conferences or other meetings, affidavits, statements, opinions, reports, studies, analyses, evaluations, financial statements, prospectuses, circulars, certificates, press releases, annual reports, quarterly reports, magazine or newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, electronic mail, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all records kept by electronic, photographic, or mechanical means, and

2

Defendant Thomas's First Set of Interrogatories. (1:20-cv-01115-DAD-SKO)

things similar to any of the foregoing, however denominated, dated, produced, generated, or received at any time before and including the date of your response to these Interrogatories.

When you are asked to describe a DOCUMENT in these Interrogatories, please set forth the title of the DOCUMENT, if any; date, if any; general description of its contents; name, address, and telephone number of the author; and name, address, and telephone number of the person who is the present custodian of the DOCUMENT.  When you are requested to furnish the name of an individual, also provide his or her residence address and telephone number, occupation, and the name, address, and telephone number of the individual's current employer.

If YOU object to any of the following Interrogatories, YOU must state with specificity the reason for YOUR objections.

**INTERROGATORY NO.  1.:**

Identify each PERSON who witnessed YOUR knee being "swollen to the size of a basketball" as alleged in ¶ 3 on page 3[1] of YOUR Complaint.

**INTERROGATORY NO.  2.:**

Identify each PERSON who witnessed YOUR inability to walk at any time.

**INTERROGATORY NO.  3.:**

Identify each PERSON who witnessed any portion of YOUR February 14, 2020 visit with DEFENDANT Thomas.

**INTERROGATORY NO.  4.:**

When did YOU receive "[DOCUMENTS] clearly stating 'Abnormal xray results,'" which YOU alleged in ¶ 3 on page 3 of YOUR Complaint?

**INTERROGATORY NO.  5.:**

State all facts supporting YOUR contention in ¶ 3 on page 3 of YOUR Complaint that DEFENDANT "Thomas knew of the abnormal xray results."

//

---

[1] Pinpoint citations refer to the page numbers assigned by the Court's CM/ECF system, appearing in the header.

1

**INTERROGATORY NO. 6.:**

2

Identify the other nurse YOU asked for help and who reissued YOU crutches, which YOU

3

allege in ¶ 3 on page 3 of YOUR Complaint.

4

**INTERROGATORY NO. 7.:**

5

Identify each PERSON who witnessed any portion of YOUR first visit with DEFENDANT

6

Nguyen, which YOU allege in ¶ 3 on page 4 of YOUR Complaint.

7

**INTERROGATORY NO. 8.:**

8

Identify each PERSON who witnessed any portion of YOUR second visit with

9

DEFENDANT Nguyen, which YOU allege on page 5 of YOUR Complaint.

10

**INTERROGATORY NO. 9.:**

11

Identify each PERSON who witnessed any portion of any other of YOUR visits with

12

DEFENDANT Nguyen.

13

**INTERROGATORY NO. 10.:**

14

State all facts supporting YOUR contention on page 5 of YOUR Complaint that

15

"[DEFENDANT] Nguyen did not follow proper procedures or protoc[o]l."

16

**INTERROGATORY NO. 11.:**

17

State all facts supporting YOUR contention on page 5 of YOUR Complaint that

18

DEFENDANT Nguyen "knew of the [a]bnormal xray results."

19

Dated:  October 13, 2021                    Respectfully submitted,

20
                                            ROB BONTA
                                            Attorney General of California
21                                          DEBORAH B. WADLEIGH
                                            Supervising Deputy Attorney General
22

23

24                                          */s/ Ryan Zalesny*
                                            RYAN J. ZALESNY
25                                          Deputy Attorney General
                                            *Attorneys for Defendants P. Thomas*
26                                          *and L. Nguyen*

27
LA2021601364
28
35554485.docx

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Beck, Casey J. v. Thomas, et al.**
No.:              **1:20-cv-01115-DAD-SKO**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 13, 2021, I served the attached **DEFENDANT THOMAS'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013, addressed as follows:

Casey J. Beck
BG8691
2975 N. Francisco Way
Antioch, CA 94509

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 13, 2021, at Los Angeles, California.

|                          |                          |
|--------------------------|--------------------------|
| Donna Salao              |          Signature       |
| Declarant                |                          |

LA2021601364
64607386.docx

# EXHIBIT B

ROB BONTA, State Bar No. 202668
Attorney General of California
DEBORAH WADLEIGH, State Bar No. 239550
Supervising Deputy Attorney General
RYAN ZALESNY, State Bar No. 281999
Deputy Attorney General
300 So. Spring Street, Suite 1702
Los Angeles, CA  90013
  Telephone:  (213) 269-6085
  Facsimile:  (916) 761-3641
  E-mail: Ryan.Zalesny@doj.ca.gov
*Attorneys for Defendants P. Thomas and L. Nguyen*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Casey J. Beck**, <br><br> Plaintiff, <br><br> v. <br><br> **Thomas, et al.**, <br><br> Defendants. | Case No. 1:20-cv-01115-SKO <br><br> **DEFENDANT THOMAS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:      DEFENDANT P. THOMAS**

**RESPONDING PARTY:        PLAINTIFF CASEY BECK**

**SET NO.:                          ONE**

Under Federal Rule of Civil Procedure 34, YOU are required to respond to each of the following requests for production of documents separately and fully by mailing written responses and documents to Ryan Zalesny, attorney for DEFENDANT, within 30 days (plus an additional three days because this is served by mail—for a total of 33 days) from the date of mailing indicated on the accompanying proof of service.  In addition, YOU are required to produce all documents within YOUR possession or control, or in the possession, custody, or control of

1

persons associated with YOU.  These documents shall be mailed to the Office of the Attorney General, 300 South Spring St., Los Angeles, CA 90013.

As used in these Requests for Production of Documents, the term DOCUMENT or DOCUMENTS shall include, but not be limited to, any kind of written, graphic, or recorded matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, and drafts and both sides thereof, and including but not limited to paper, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, facsimiles, telex messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or in conferences or other meetings, affidavits, statements, opinions, reports, studies, analyses, evaluations, financial statements, prospectuses, circulars, certificates, press releases, annual reports, quarterly reports, magazine or newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, electronic mail, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated, dated, produced, generated, or received at any time before and including the date of your response to these Requests for Production of Documents.

As used in these Requests for Production of Documents, the term DEFENDANT or DEFENDANTS means and includes DEFENDANT P. Thomas or DEFENDANT L. Nguyen and any other person purporting to act on their behalf or believed by YOU to be acting on their behalf.

As used in these Requests for Production of Documents, the terms YOU, YOUR, and YOURS shall be interpreted to mean Plaintiff, by and through his agents, representatives, employees, attorneys, and other persons acting or purporting to act on his behalf.

If you consider any DOCUMENT to be excluded from production on grounds of attorney-client privilege, attorney work-product doctrine, or any other privilege, immunity, or doctrine, you are required to include in the written response a list of all DOCUMENTS so identified by

2

providing the date of each such DOCUMENT; its general character and general subject matter; names, titles, and addresses of the author and recipient; name, title, and address of each other person who received a copy of the DOCUMENT; and the grounds upon which you believe the DOCUMENT to be exempt from production.

If you object to any of the following Requests for Production of Documents, or any portion thereof, you must state with specificity the reasons for your objections.  If objection is made to only a part or portion of any request for production, the part or portion shall be specified and the remainder shall be produced for inspection and copying.

If you have at any time relinquished possession, custody or control of, or destroyed any DOCUMENT falling within the scope of this demand, you are requested to identify each such DOCUMENT, and, where any such DOCUMENT still exists, also identify the person or persons, if any, by name, address, and telephone number, who currently has or might have custody, possession, or control thereof.

**REQUEST NO. 1.:**

All DOCUMENTS showing that YOUR "knee was swollen to the size of a basketball."

**REQUEST NO. 2.:**

All DOCUMENTS referencing "abnormal x-ray results,'" which YOU allege in ¶ 3 on page 3 of YOUR Complaint.[1]

**REQUEST NO. 3.:**

All DOCUMENTS supporting YOUR contention in ¶ 4 on page 3 of YOUR Complaint that "due to lack of care [you] suffered a concussion."

**REQUEST NO. 4.:**

All DOCUMENTS showing that YOUR "knee collapsed on" YOU, which YOU allege in ¶ 4 on page 3 of YOUR Complaint, "due to lack of care."

//

---

[1] Pinpoint citations refer to the page numbers assigned by the Court's CM/ECF system, appearing in the header.

**REQUEST NO. 5.:**

All DOCUMENTS supporting YOUR contention in ¶ 4 on page 3 of YOUR Complaint that YOUR "knee collapsed on [you] and also made [your] knee injury worse."

**REQUEST NO. 6.:**

All DOCUMENTS supporting YOUR contention in ¶ 4 on page 4 of YOUR Complaint that YOUR "injury would not heal correctly."

**REQUEST NO. 7.:**

All DOCUMENTS supporting YOUR contention in ¶ 4 on page 4 of YOUR Complaint that YOUR "injury … caused [you] constant extreme pain for many months."

**REQUEST NO. 8.:**

All DOCUMENTS supporting YOUR contention in ¶ 4 on page 4 of YOUR Complaint that YOUR "injury … is still extremely painful d[ue] to lack of help."

**REQUEST NO. 9.:**

All DOCUMENTS identifying the cause of the concussion YOU allege in ¶ 4 on page 3 and ¶ 4 on page 4 of YOUR Complaint.

**REQUEST NO. 10.:**

All DOCUMENTS showing a medical professional's opinion as to the cause of the concussion YOU allege in ¶ 4 on page 3 and ¶ 4 on page 4 of YOUR Complaint.

**REQUEST NO. 11.:**

All DOCUMENTS from February 8, 2020 to the present showing that YOU suffered a concussion.

**REQUEST NO. 12.:**

All DOCUMENTS showing that YOU experience psychological distress, which YOU allege in ¶ 4 on page 3 and ¶ 4 on page 4 of YOUR Complaint.

**REQUEST NO. 13.:**

All DOCUMENTS showing a medical professional's opinion as to the cause of the psychological distress YOU allege in ¶ 4 on page 3 and ¶ 4 on page 4 of YOUR Complaint.

*//*

4

**REQUEST NO. 14.:**

All "educational medical [DOCUMENTS] for self-care that a nurse gave [YOU]," which YOU allege in ¶ 3 on page 4 of YOUR Complaint.

**REQUEST NO. 15.:**

All "medical [DOCUMENTS] [DEFENDANT Nguyen's] nursing staff gave [YOU] to help," which YOU allege on page 5 of YOUR Complaint.

**REQUEST NO. 16.:**

All DOCUMENTS showing that YOUR knee collapsed on June 7, 2020, as you allege on pages 3 and 5 of YOUR Complaint.

**REQUEST NO. 17.:**

All DOCUMENTS supporting YOUR claim in ¶ 4 on page 3 of YOUR Complaint that DEFENDANT Thomas "caused further injury" to YOUR right knee.

**REQUEST NO. 18.:**

All DOCUMENTS supporting YOUR claim in ¶ 4 on page 4 of YOUR Complaint that your "injury would not heal correctly and caused [you] constant extreme pain for many months and is still extremely painful d[ue] to lack of help" by DEFENDANT Nguyen.

**REQUEST NO. 19.:**

All DOCUMENTS supporting YOUR request on page 6 of YOUR Complaint for $350,000.00 in damages.

Dated:  October 13, 2021                    Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California
                                            DEBORAH WADLEIGH
                                            Supervising Deputy Attorney General


                                            */s/ Ryan Zalesny*
                                            RYAN ZALESNY
                                            Deputy Attorney General
                                            *Attorneys for Defendants P. Thomas
                                            and L. Nguyen*

LA2021601364
35554487.docx

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Beck, Casey J. v. Thomas, et al.**
No.:               **1:20-cv-01115-DAD-SKO**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 13, 2021, I served the attached **DEFENDANT THOMAS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013, addressed as follows:


Casey J. Beck
BG8691
2975 N. Francisco Way
Antioch, CA 94509



I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 13, 2021, at Los Angeles, California.

| Donna Salao | |
| --- | --- |
| Declarant | Signature |

LA2021601364
64607389.docx

# EXHIBIT C

1   Rᴏʙ Bᴏɴᴛᴀ, State Bar No. 202668
    Attorney General of California
2   Dᴇʙᴏʀᴀʜ B. Wᴀᴅʟᴇɪɢʜ, State Bar No. 239550
    Supervising Deputy Attorney General
3   Rʏᴀɴ J. Zᴀʟᴇsɴʏ, State Bar No. 281999
    Deputy Attorney General
4   300 So. Spring Street, Suite 1702
    Los Angeles, CA  90013
5     Telephone:  (213) 269-6085
      Facsimile:  (916) 761-3641
6     E-mail: Ryan.Zalesny@doj.ca.gov
    *Attorneys for Defendants P. Thomas and L. Nguyen*

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12                                          Case No. 1:20-cv-01115-DAD-SKO

    **CASEY J. BECK**,
13                                          **DEFENDANT THOMAS'S FIRST SET**
                              Plaintiff,    **OF REQUESTS FOR ADMISSIONS**
14

15              v.

16  **THOMAS, et al.**,

17                            Defendants.

18

19

20  **PROPOUNDING PARTY:     DEFENDANT P. THOMAS**

    **RESPONDING PARTY:      PLAINTIFF CASEY BECK**
21
    **SET NO.:               ONE**
22

23      DEFENDANT Thomas demands that PLAINTIFF Casey Beck respond to the following

24  Requests for Admissions under Federal Rule of Civil Procedure 36 within 30 days after service.

25      As used in these Requests for Admission, the terms YOU, YOUR, and YOURS shall be

26  interpreted to mean Plaintiff Casey Beck, by and through his agents, representatives, employees,

27  attorneys, and other persons acting or purporting to act on his behalf.

28  //

                                      1

As used in these Requests for Admission, the term DEFENDANT or DEFENDANTS means and includes DEFENDANT P. Thomas and DEFENDANT L. Nguyen and any other person purporting to act on their behalf or believed by you to be acting on their behalf.

If YOU object to any of the following Requests for Admission, YOU must state with specificity the reason for YOUR objections.

DEFENDANT Thomas requests that Plaintiff Casey Beck admit or deny the truth of the Requests for Admissions below:

**REQUEST FOR ADMISSION NO. 1.:**

Admit that on February 10, 2020 YOU were able to walk.

**REQUEST FOR ADMISSION NO. 2.:**

Admit that YOUR February 14, 2020 visit with DEFENDANT Thomas, which YOU allege in ¶ 3 on page 3 of YOUR Complaint, was the only visit YOU had with DEFENDANT Thomas.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that on February 14, 2020 YOU were able to walk.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that on February 14, 2020 YOU were able to use YOUR right knee with limited weight bearing.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that on February 14, 2020 YOU were given Ibuprofen.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that on February 14, 2020 YOU were given capsaicin cream.

**REQUEST FOR ADMISSION NO. 7.:**

Admit that on February 14, 2020 YOU were advised to apply warm compresses to YOUR knee.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that on February 14, 2020 YOU were advised to keep YOUR knee elevated.

//

2

Defendant. Thomas's First Set of Requests for. Admissions. (1:20-cv-01115-DAD-SKO)

**REQUEST FOR ADMISSION NO. 9.:**

Admit that on February 27, 2020 DEFENDANT Nguyen prescribed YOU Tylenol.

**REQUEST FOR ADMISSION NO. 10.:**

Admit that YOUR first visit with DEFENDANT Nguyen occurred on March 23, 2020.

**REQUEST FOR ADMISSION NO. 11.:**

Admit that on March 23, 2020 YOU were informed that the x-ray of YOUR right knee showed no acute bone fracture.

**REQUEST FOR ADMISSION NO. 12.:**

Admit that on March 23, 2020 DEFENDANT Nguyen recommended that YOU continue Tylenol.

**REQUEST FOR ADMISSION NO. 13.:**

Admit that on March 23, 2020 DEFENDANT Nguyen recommended a physical therapy consult for YOUR right knee.

**REQUEST FOR ADMISSION NO. 14.:**

Admit that on March 23, 2020 DEFENDANT Nguyen recommended that YOU use a cane instead of crutches for four months.

**REQUEST FOR ADMISSION NO. 15.:**

Admit that on March 26, 2020 YOU had a cane.

**REQUEST FOR ADMISSION NO. 16.:**

Admit that on April 4, 2020 YOU submitted a CDCR 7362 Health Care Services Request Form in which YOU requested a refill of acetaminophen.

**REQUEST FOR ADMISSION NO. 17.:**

Admit that on April 7, 2020 DEFENDANT Nguyen wrote an order for YOU to receive Tylenol.

**REQUEST FOR ADMISSION NO. 18.:**

Admit that on May 11, 2020 YOU had a visit with DEFENDANT Nguyen.

**REQUEST FOR ADMISSION NO. 19.:**

Admit that on May 11, 2020 YOU had a cane.

3

**REQUEST FOR ADMISSION NO. 20.:**

Admit that on May 11, 2020 DEFENDANT Nguyen changed YOUR prescription for Tylenol to Motrin.

**REQUEST FOR ADMISSION NO. 21.:**

Admit that on May 11, 2020 DEFENDANT Nguyen recommended that YOU have a low bunk until September 11, 2020.

**REQUEST FOR ADMISSION NO. 22.:**

Admit that on May 11, 2020 DEFENDANT Nguyen recommended that YOU use a cane until September 11, 2020.

**REQUEST FOR ADMISSION NO. 23.:**

Admit that on May 11, 2020 DEFENDANT Nguyen recommended consideration of an MRI or orthopedic referral for YOUR right knee absent improvement.

**REQUEST FOR ADMISSION NO. 24.:**

Admit that on June 9, 2020 DEFENDANT Nguyen recommended that YOU continue taking Motrin.

**REQUEST FOR ADMISSION NO. 25.:**

Admit that on June 9, 2020 DEFENDANT Nguyen prescribed YOU Tylenol with Codeine.

**REQUEST FOR ADMISSION NO. 26.:**

Admit that on June 9, 2020 an MRI of YOUR right knee in the next ten days was pending.

**REQUEST FOR ADMISSION NO. 27.:**

Admit that on June 17, 2020 YOU had an MRI of YOUR right knee.

**REQUEST FOR ADMISSION NO. 28.:**

Admit that on June 17, 2020 YOU had a visit with DEFENDANT Nguyen.

**REQUEST FOR ADMISSION NO. 29.:**

Admit that on June 17, 2020 a knee sleeve had been ordered for YOUR right knee.

**REQUEST FOR ADMISSION NO. 30.:**

Admit that on July 1, 2020 YOU had a visit with DEFENDANT Nguyen.

//

4

Defendant. Thomas's First Set of Requests for. Admissions. (1:20-cv-01115-DAD-SKO)

**REQUEST FOR ADMISSION NO. 31.:**

Admit that on July 1, 2020 DEFENDANT Nguyen discussed the findings of the June 17, 2020 MRI of YOUR right knee with YOU.

**REQUEST FOR ADMISSION NO. 32.:**

Admit that on July 1, 2020 DEFENDANT Nguyen recommended that YOU continue medications.

**REQUEST FOR ADMISSION NO. 33.:**

Admit that on July 1, 2020 DEFENDANT Nguyen recommended that YOU continue using a cane.

**REQUEST FOR ADMISSION NO. 34.:**

Admit that on July 1, 2020 DEFENDANT Nguyen requested an orthopedic surgery referral for YOUR right knee.

**REQUEST FOR ADMISSION NO. 35.:**

Admit that YOU last saw DEFENDANT Nguyen on July 1, 2020.

Dated:  October 13, 2021                    Respectfully submitted,

ROB BONTA
Attorney General of California
DEBORAH B. WADLEIGH
Supervising Deputy Attorney General


*/s/ Ryan Zalesny*
RYAN J. ZALESNY
Deputy Attorney General
*Attorneys for Defendants P. Thomas*
*and L. Nguyen*

LA2021601364
35554712.docx

5

Defendant. Thomas's First Set of Requests for. Admissions. (1:20-cv-01115-DAD-SKO)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Beck, Casey J. v. Thomas, et al.**
No.:         **1:20-cv-01115-DAD-SKO**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 13, 2021, I served the attached **DEFENDANT THOMAS'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013, addressed as follows:

Casey J. Beck
BG8691
2975 N. Francisco Way
Antioch, CA 94509

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 13, 2021, at Los Angeles, California.

| | |
|---|---|
| Donna Salao | |
| Declarant | Signature |

LA2021601364
64607373.docx

# EXHIBIT D

**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (213) 269-6085
Facsimile:  (916) 761-3641
E-Mail:  Ryan.Zalesny@doj.ca.gov

December 3, 2021

Casey Beck
2975 N. Francisco Way
Antioch, CA 94509

RE:   Beck, Casey J. v. Thomas, et al.
        United States District Court, Eastern District of California, Case No. 1:20-cv-01115-
        DAD-SKO

Dear Mr. Beck:

        As you know, I represent Defendants Nguyen and Thomas in this action.  This is a meet and confer letter pursuant to Federal Rule of Civil Procedure 37(a)(1).

        On October 13, 2021, Defendant Thomas served her First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents.  Your responses were due on November 30, 2021.  (ECF No. 24, Discovery and Scheduling Order, at § I, p. 2); *see also* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3), and 6(d).  Enclosed herewith are copies of Defendant Thomas's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents.

        To date, you have failed to respond to any of Defendant Thomas's Interrogatories, Requests for Admission, or Requests for Production of Documents.  Pursuant to Federal Rule of Civil Procedure 36(a)(3), Defendant Thomas's Requests for Admission Nos. 1-35 are deemed admitted.  Please serve me with your responses to Defendant Thomas's First Set of Interrogatories and First Set of Requests for Production of Documents by **December 10, 2021**. Absent your timely compliance with this letter, I will move pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii)-(iv) for an order compelling your responses.

December 3, 2021
Page 2


                                      Sincerely,


                                        ***/s/ Ryan Zalesny***
                                        RYAN J. ZALESNY
                                        Deputy Attorney General

                         For     ROB BONTA
                                        Attorney General

RJZ:
*Enclosures*


LA2021601364
Meet and Confer Letter to Plaintiff.docx

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Beck, Casey J. v. Thomas, et al.**
No.:         **1:20-cv-01115-DAD-SKO**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On December 3, 2021, I served the attached **MEET AND CONFER LETTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(A)(1).** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA  90013, addressed as follows:

Casey J. Beck
BG8691
2975 N. Francisco Way
Antioch, CA 94509

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 3, 2021, at Los Angeles, California.

|                    |                    |
|--------------------|--------------------|
| Donna Salao        | /s/ Donna Salao    |
| Declarant          | Signature          |

LA2021601364
64727849.docx

# CERTIFICATE OF SERVICE

Case Name:   **Beck, Casey J. v. Thomas, et al.**          No.   **1:20-cv-01115-DAD-SKO**

I hereby certify that on <u>July 1, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, A STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF R. ZALESNY IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 1, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Casey J. Beck - BG8691
2975 N. Francisco Way
Antioch, CA 94509

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 1, 2022</u>, at Los Angeles, California.

| K. Yeoun | /s/ K. Yeoun |
|----------|--------------|
| Declarant | Signature |

LA2021601364