UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY JOSEPH BECK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. THOMAS, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01115-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**<br><br>(Doc. 35)<br><br>**14-DAY DEADLINE TO OBJECT** |

Plaintiff Casey Joseph Beck, appearing *pro se* and proceeding *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2020. (Doc. 1.)[1]

**I.    INTRODUCTION**

On July 1, 2022, Defendants P. Thomas and L. Nguyen filed a motion for terminating sanctions, or, in the alternative, a stay of the proceedings. (Doc. 35.) Although more than 21 days have passed, Plaintiff has not opposed Defendants' motion.

For the reasons discussed below, the undersigned will recommend Defendants' motion be granted and that this action be dismissed for Plaintiff's failure to prosecute and to obey court orders.

---

[1] Plaintiff was incarcerated at the California Correctional Institution in Tehachapi when he filed his complaint. (Doc. 1.) On July 30, 2021, Plaintiff filed a Notice of Change of Address, providing a new address of 2975 N. Francisco Way in Antioch, California. (Doc. 33.) To date, no mail sent by the Court to Plaintiff at this address has been returned. *(See, e.g.*, Docs. 23, 24, 26, 28, 30, 31, 33 & 34.)

## II.     RELEVANT BACKGROUND

Defendants answered Plaintiff's complaint on June 23, 2021. (Doc. 15.)

On July 30, 2021, Plaintiff filed a Notice of Change of Address, indicating he had been released from custody and was residing in Antioch, California. (Doc. 22.)  On August 2, 2021, the Court issued its Discovery and Scheduling Order. (Doc. 24.) Thereafter, various related deadlines were extended by the Court at the request of Defendants. (*See* Docs. 26, 30 & 34.)

On January 6, 2022, Defendant Thomas filed a motion to compel Plaintiff's responses to written discovery requests. (Doc. 27.)  In an Order issued March 31, 2022, the Court granted Defendant Thomas' motion to compel. (Doc. 31.)  Plaintiff was ordered to file responses to Defendant Thomas' written discovery requests within 21 days. (*Id*. at 4.) Plaintiff was further ordered to show cause in writing why an award of expenses should not be imposed and was to file his written response within 30 days of the date of service of the order. (*Id*.) Plaintiff failed to file a response to the order to show cause.

On July 1, 2022, Defendants moved for terminating sanctions. (Doc. 35.) Defendants contend the Court should dismiss this action because Plaintiff has failed to litigate the case since his release from prison. (Doc. 35 at 7.) Despite providing the Court and opposing counsel with a current residential address, Plaintiff has failed to respond to written discovery requests and meet-and-confer correspondence, failed to file an opposition or non-opposition to Defendant Thomas' motion to compel, and failed to respond to this Court's order to show cause (OSC) why an order of expenses should not issue. (*Id*.) Defendants contend dismissal is justified pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) and this Court's inherent authority. (*Id.* at 10.) Defendants maintain Plaintiff has willfully failed to comply with this Court's discovery order (*id*. at 10-11), and that (1) dismissal will advance the public's interest in the expeditious resolution of the case and serve the Court's need to manage its docket (*id*. at 11-12), (2) dismissal would avoid further prejudice to Defendants (*id*. at 12-13), (3) the public policy favoring disposition of the case on its merits does not preclude dismissal here (*id* at 13-14), and (4) less drastic sanctions are inadequate (*id*. at 14-15). Alternatively, Defendants contend a stay of the proceedings is warranted until Plaintiff complies with the Court's order compelling his response to Defendant

2

Thomas' written discovery. (*Id.* at 16.)

### III. DISCUSSION

#### A. Legal Standards

The Local Rules of the Eastern District of California provide wide latitude to the Court regarding sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in *extreme circumstances*." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

The Court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hernandez*, 138 F.3d at 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-

dispositive sanctions." *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (citation omitted).

Not all factors must weigh in favor of dismissal for the sanction to be imposed. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987); *see also Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here" [citation omitted])).

### B. Analysis

#### 1. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Plaintiff has failed to fulfill his discovery obligations or comply with this Court's Discovery and Scheduling Order. He failed to respond to Defendant Thomas' discovery motion, and failed to comply with this Court's OSC by submitting a written response within 21 days. Plaintiff's refusal to comply with discovery obligations and complete failure to communicate with this Court have delayed the expeditious resolution of this case. The public interest in efficient resolution of cases has thus been thwarted by Plaintiff's refusal to participate in the discovery process.

#### 2. The Court's Need to Manage Its Docket

Plaintiff's continued failure to respond to Defendant's discovery requests and to follow the Court's instructions has consumed a considerable amount of limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country.  Plaintiff's continued refusal to participate in the discovery process has resulted in various extensions of discovery deadlines (*see* Docs. 25, 29 & 32) and consideration of a motion to compel (Doc. 27), consuming this Court's attention, time, and resources, prior to consideration of the instant motion for sanctions (Doc. 35). Considerations of judicial economy weigh in favor of terminating sanctions. *Ferdik*, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### 3. Risk of Prejudice to Defendants

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to a plaintiff's reason for defaulting. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish*, 191 F.3d at 991).

Here, after first failing to respond to Defendant Thomas' discovery requests, Plaintiff then failed to comply with this Court's Order to provide responses to the requests and to show cause why expenses should not be imposed. (*See* Doc. 31.) Defendant Thomas is entitled to have discovery requests answered and Plaintiff's refusal to engage in the discovery process is decidedly prejudicial to Defendants. Plaintiff also failed to respond to the OSC. Accordingly, there appears to be no justifiable reason for Plaintiff's default and this factor also favors dismissal.

### 4. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. *Yourish*, 191 F.3d at 992 (citation & internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### 5. Availability and Effectiveness of Less Drastic Sanctions

The undersigned finds no other, lesser sanctions to be satisfactory or effective.

Plaintiff is proceeding *in forma pauperis*, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. Nor does it appear that evidentiary sanctions would be an effective alternative because exclusionary sanctions would likely have the same effect as issuing dispositive sanctions given Plaintiff's complete failure to participate in discovery. Further, the parties were warned as follows: "**The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions**." (Doc. 24 at 3.) *See, e.g.*, Ferdik, 963 F.2d at 1262 (a "court's warning to a party that

his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424). Here, Plaintiff has completely failed to respond to Defendant Thomas' discovery requests and the Court's discovery orders. For these reasons, the undersigned finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's failures.

In sum dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) is appropriate as four of the five applicable factors weigh in favor of dismissal. Dismissal pursuant to Federal Rule of Civil Procedure 41(b) is also appropriate because Plaintiff has failed to prosecute and has failed to comply with Court orders.  Because it will be recommended that Defendants' motion for terminating sanctions be granted, Defendants' alternative request for a stay of the proceedings until Plaintiff's compliance can be obtained need not be addressed.

### IV.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. Defendants' motion for terminating sanctions (Doc. 35) be GRANTED;
2. This action be dismissed for Plaintiff's failure to prosecute failure to obey court orders; and
3. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2022**                              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE